# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT
# SAN FRANCISCO DIVISION

| | |
|---|---|
| International Brotherhood of Teamsters, | Case No. 3:05-CV-00126 |
| Plaintiff, | |
| v. | **Stipulated Protective Order** |
| North American Airlines, | |
| Defendant. | |

Plaintiff and Defendant, through their attorneys of record, stipulate to the following protective order designed to protect the confidentiality of the budgetary, forecasting, tax, and other financial information that Plaintiff has requested Defendant to produce in connection with the upcoming hearing for a preliminary injunction scheduled for July 27-28, 2005.

1. The parties agree that Defendant will produce any documents it deems proprietary or confidential marked "Confidential - Subject to Protective Order.01" ("C-PO.01"). In the event that the parties are unable to agree that certain information is Confidential, the proponent of confidentiality shall seek a protective order covering such information within ten (10) days from written notice of the disagreement. Information subject to disclosure will be treated as confidential until the proponent of confidentiality fails to seek a protective order in a timely manner or the Court denies the request for a protective order.

2. C-PO.01 material may be disclosed or made available only to the Court, to counsel for the Plaintiff, to any representatives of the Plaintiff directly involved in this litigation and having a strict need to know and to "qualified persons" designated below, but shall not be disclosed to any other person or entity, unless otherwise agreed to be Defendant or ordered by the Court.

Qualified persons shall include:

(a) experts or consultants retained by counsel for Plaintiff to assist in the prosecution, defense, or settlement of this action;

(b) court reporter(s) employed in this action;

(c) a witness at any deposition or other proceeding in this action; and

(d) any other person as to whom the parties agree in writing.

3. Prior to receiving any C-PO.01 material, each representative of Plaintiff and every "qualified person" shall be provided with a copy of this Stipulation and shall execute a Nondisclosure Agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for Defendant.

4. If confidential or proprietary budgetary, forecasting, tax, and other financial information relating to Defendant's business is covered in any deposition taken by Plaintiff in this case, such deposition pages will be identified by Defendant's counsel as confidential, segregated from other pages of the deposition, marked as C-PO.01 material and treated as such by the parties.

5. All C-PO.01 materials shall be used by Plaintiff only for purposes legitimately related to this action. It is expressly understand such information shall not be used in connection with the ongoing collective bargaining between the parties.

6. Within 30 days of final termination of litigation of this action, all C-PO.01 materials produced to Plaintiff by Defendant, including any copies thereof, shall be returned to Defendant's counsel. Plaintiff's counsel will also serve a declaration or affidavit certifying in good faith that such action has been taken.

7. A document produced by a party in this case shall not be treated as Confidential under this Order if it is or becomes part of the public domain, or the receiving party already had the document or a copy of it legitimately in his or its possession prior to it being produced.

8. This Stipulation shall be without prejudice to the right of the parties to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

9. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation, nor the production of any information or document under the terms of this Stipulation, shall be deemed a waiver by either party of any objection to the admissibility of any document at trial.

**SO STIPULATED:**

Dated: 7/5/05

FORD & HARRISON LLP

By: _____
Norman A. Quandt
Attorney for Defendant

Dated: 7/5/05

BAPTISTE AND WILDER, P.C.

By: _____
William R. Wilder
Attorney for Plaintiff

**SO ORDERED:**

Dated: _____

_____
Thelton E. Henderson
United States District/~~Magistrate~~ Judge

IT IS SO ORDERED
Judge Thelton E. Henderson

FORD & HARRISON
LLP
ATTORNEYS AT LAW
TAMPA

- 3 -

## ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order agreed upon in the action entitled International Brotherhood of Teamsters, Plaintiff v. North American Airlines, Defendant, United States District Court, Northern District of California Case No. 3:05-cv-00126-TEH, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____
Signature